HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACQUELINE JEAN O'LEARY,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, in her capacity as Commissioner of the Social Security Administration,<br><br>  Defendant. | CASE NO. C13-2072 RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") (Dkt. # 25) of the Honorable John L. Weinberg, United States Magistrate Judge, as well as plaintiff Jacueline O'Leary's motion to remand (Dkt. # 28). The R&R recommends that the court affirm the decision of an administrative law judge ("ALJ") and dismiss Plaintiff's appeal of the refusal of the Social Security Administration ("SSA") to award her disability insurance benefits. Plaintiff has objected (Dkt. # 26) to the R&R, and the SSA has responded. The court has considered her objections, the briefs the parties submitted to Judge Weinberg, and the Administrative Record ("AR"). For the reasons stated below, the court ADOPTS the R&R and DENIES Plaintiff's motion to remand. The clerk shall enter judgment for defendant.

ORDER – 1

## II.  BACKGROUND

Plaintiff filed an application for disability benefits on October 14, 2010, alleging a disability onset date of September 4, 2010.  (Compl.) Dkt. # 3, p. 2.  Her claim was initially denied on April 5, 2011, and again denied upon reconsideration on July 18, 2011.  *Id.*  Plaintiff then requested review by an ALJ.  *Id.*  On July 31, 2012, the ALJ denied plaintiff's application for disability benefits.  *Id.*

The ALJ found that Plaintiff suffers from the following severe impairments: alcohol abuse disorder, post-traumatic stress disorder, depression, obsessive compulsive disorder and anxiety.  AR 23.  The ALJ found, however, that Plaintiff's alcohol abuse was material to her disabilities and that if she stopped the abuse she would not be disabled.  AR 34.  On this basis, the ALJ denied her request for benefits.  *Id.*

It appears that Plaintiff has sought disability benefits both before and after the application at issue in this case.  *See* Dkt. # 18, p. 2("She has tried and failed to get disability benefits in prior applications."); *see also* Dkt. # 28-2 (Notice of Award, dated January 12, 2015).  In prior decisions, ALJs have denied benefits because they deemed Plaintiff's alcohol abuse to be material to the finding of disability.  Dkt. # 18, p. 2.  The ALJ who reviewed the application at issue in this case made that same determination.  AR 34.  In a later application, however, filed after the instant application was denied, the SSA apparently granted Plaintiff's request for benefits.  Dkt. # 28-2 (Notice of Award).  Plaintiff was found disabled and granted benefits beginning in May 2014.  *Id.*

Although Plaintiff's counsel insists that the facts contained in the later-filed/successful application were "essentially the same" as the facts contained in the application at issue in this case, counsel fails to provide the court with a copy of that application or any evidence submitted in support of that application.

ORDER – 2

## III.   ANALYSIS

**A.   Plaintiff's Objections to R&R**

The R&R accurately summarizes the standard of review applicable to the ALJ's decision.  Briefly, where "substantial evidence" supports an ALJ's factual finding, the court generally must affirm it.  *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted).  The court does not, however, defer to the ALJ's legal conclusions.  *Bray*, 554 F.3d at 1222.  The court reviews a magistrate judge's R&R de novo.  Fed. R. Civ. P. 72(b)(3).

The R&R also accurately summarizes the five-step process for determining whether an applicant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  An applicant is disabled if, for a period of sufficient duration, she can perform neither her past relevant work nor any other substantial gainful activity available in the national economy.  In the first step, the applicant must show that she did not engage in substantial gainful activity during a relevant time period.  If she did, then she is not disabled.  If she did not, then the claimant must show at the second step that she has a "severe impairment" that limits her ability to work.  20 C.F.R. § 404.1520(c).  If so, she must show at the third step that over the course of at least a year, her impairment "meets or equals" an impairment listed in applicable regulations.  If it does, she is disabled.  If not, she must demonstrate at step four that her residual functional capacity ("RFC") is such that she cannot perform her past relevant work.  *See* 20 C.F.R. § 404.1520(f) (noting that an applicant who can perform past relevant work is not disabled).  If she cannot, then the burden shifts to the SSA to demonstrate that her RFC permits her to perform other jobs that exist in substantial numbers in the national economy.  *See Bray*, 554 F.3d at 1223 (describing allocation of burdens in five-step process).

ORDER – 3

1    The R&R also accurately acknowledges that the five-step process must be
2 performed twice, when there is evidence that the claimant is addicted to drugs or alcohol
3 (DAA). This is done because the Social Security Act prohibits the award of disability
4 benefits when DAA is a contributing factor material to the determination of disability. 42
5 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949, 954
6 (2001). To determine whether DAA is a contributing factor, the ALJ must first conduct
7 the five-step inquiry "without separating out the impact of alcoholism." *Bustamante*, 262
8 F.3d at 955. If the ALJ finds the claimant not disabled, then no further analysis is
9 required. *Id*. However, upon a finding of disability, the ALJ must conduct a second five-
10 step inquiry to determine if the claimant would still be disabled in the absence of DAA.
11 *Id*. The "[c]laimant bears the burden of proving that drug or alcohol addiction is not a
12 contributing factor material to his disability." *Parra v. Astrue*, 481 F.3d 742, 748 (9th
13 Cir. 2007).
14    Here, after the initial five-step analysis, the ALJ found Plaintiff to be disabled.
15 AR 25. As a result, the ALJ conducted a second five-step analysis, removing the impact
16 of Plaintiff's alcohol abuse. AR 25-34. Although the ALJ determined that Plaintiff's
17 depression, post-traumatic stress disorder, obsessive compulsive disorder and anxiety
18 would continue to be impairments without the presence of alcohol abuse, the ALJ found
19 that those impairments would not be serious enough to constitute "Listings" and therefore
20 would not be disabling as defined by applicable law. AR 34.
21    Plaintiff's only objection to the ALJ's decision and to the R&R is that both fail to
22 mention Social Security Ruling 13-2p ("SSR 13-2p"), which is the SSA's policy
23 interpretation ruling related to drug addiction and alcoholism. That ruling states:

> Many people with DAA have co-occurring mental disorders;
> that is, a mental disorder(s) diagnosed by an acceptable
> medical source in addition to their DAA. We do not know of
> any *research data* that we can use to predict reliably that any

ORDER – 4

> given claimant's co-occurring mental disorder would
> improve, or the extent to which it would improve, if the
> claimant were to stop using drugs or alcohol.

(SSR 13-2p) Dkt. # 26-1, p. 9 (emphasis added).

According to Plaintiff, this means that the SSA has acknowledged that it is impossible to separate the impact of alcohol abuse from other co-morbid mental disorders. Thus, plaintiff argues, the ALJ's attempt to do so was simply in error.

Plaintiff misreads SSR 13-2p. Although SSR 13-2p acknowledges that there is no known *research data* that would allow the SSA to predict reliably whether other mental disorders would improve absent alcohol abuse, the ruling goes on to explain how adjudicators must nevertheless make that determination. For example, the following paragraph states:

> To support a finding that DAA is material, we must have
> evidence in the case record that establishes that a claimant
> with a co-occurring mental disorder(s) *would not be disabled
> in the absence of DAA*. Unlike cases involving physical
> impairments, we do not permit adjudicators to rely
> exclusively on medical expertise and the nature of a
> claimant's mental disorder.

(SSR 13-2p) Dkt. # 26-1, p. 9 (emphasis added).

SSR 13-2p goes on to explain that adjudicators should purchase Consultative Evaluations (CEs) and rely on "other" evidence, including medical evidence, to determine whether an individual would continue to be disabled in the absence of alcohol abuse. *Id.* If the court were to read SSR13-2p as plaintiff is suggesting (*i.e.*, that separating the impact of alcohol abuse is impossible), then the remainder of the language contained in the ruling would be pointless. If the SSA had, indeed, concluded that separating out the impact of alcohol abuse from other co-morbid mental disorders was

ORDER – 5

impossible, then it would have said so; the SSA would not have gone on to explain what types of evidence adjudicators should take into account when making that determination.

Here, the ALJ relied on exactly the type of evidence identified in SSR 13-2p. The ALJ considered the Consultative Evaluation provided by Dr. Anne Suessbrick, Ph.D. AR 416. Dr. Suessbrick found that alcohol abuse contributes to Plaintiff's severe distress and dysfunction, that "abuse of alcohol is likely to significantly impair her ability to manage funds, given the severity of her intoxications," and "[i]f abuse of alcohol is not remitted, it is likely to impair her functioning in all of these occupational domains." AR 415. The ALJ also considered "other" evidence, which is defined by SSR 13-2p as including opinions of nurse practitioners, physicians' assistants, and therapists. (SSR 13-2p) Dkt. # 26-1, p. 10. Mary Montogomery, the nurse practitioner who evaluated Plaintiff, found that alcohol abuse increased the frequency and intensity of Plaintiff's anxiety, depression and suicidal ideation, and that alcohol treatment would likely improve Plaintiff's ability to function in a work setting. AR 422. Additionally, the ALJ considered the opinion of Plaintiff's therapist, who noted that after 25 days of sobriety, Plaintiff exhibited a stable mood, no suicidal ideations, new and articulate insight on addiction, and had her "best presentation in 6 months!" AR 756.

This evidence meets the "substantial evidence" standard. *See Bray*, 554 F.3d at 1219 ("Substantial evidence…is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Based upon the medical evidence, the Consultative Evaluation and "other" evidence in the case record, the ALJ reasonably concluded that Plaintiff would not be disabled in the absence of alcohol abuse.

B. **Plaintiff's Motion to Remand**

"The court may…remand the case to the Commissioner of Social Security for further action by the Commissioner…only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence

ORDER – 6

into the record in a prior proceeding." 42 U.S.C. § 405 (g).  The fact that the SSA later found plaintiff to be disabled, based upon a second application, does not warrant a remand of this action.  As the SSA correctly argues, it happens very often that people who are not initially disabled under the Social Security regulations later become disabled under those regulations.

Plaintiff has failed to provide the court with a copy of her second application for disability benefits and has failed to raise any particular argument about the effect of the SSA's second decision.  Instead, she has simply pointed out the existence of the second decision, and claims (without citing a single word from the decision, case law, or anything else) that the decision is a ground for remand.  It is possible that the second decision is based upon medical evidence from treatment occurring after the first ALJ's decision.  The court is left to speculate because Plaintiff has wholly failed to explain the circumstances underlying her second application for benefits.

### IV.  CONCLUSION

For the reasons stated above, the court ADOPTS the R &R (Dkt. # 25) and DENIES plaintiff's motion to remand (Dkt. # 28).  The court directs the clerk to enter judgment for the defendant.

DATED this 26th day of May, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7